Submitted on briefs February 28, reversed and remanded with directions April 29, objections to cost bill sustained and costs taxed, May 24, 1927.

## LEWIS PANKEY *v.* OREGON, CALIFORNIA & EASTERN RAILWAY COMPANY.

(255 Pac. 470.)

**Money Received—Railroad, Recovering from Grading Contractor's Surety for Lien Claimed by Contractor's Materialman, Held Money for Materialman.**

1. Railroad company, recovering from grading contractor's surety an amount due to one claiming lien for supplies furnished the contractor, on the theory that the railroad was liable on the claim, held the money for benefit of the lien claimant as trustee.

**Money Received—Complaint by Grading Contractor's Materialman Against Railroad for Money Received from Contractor's Surety on Account of Materialman's Lien Held not Demurrable.**

2. Complaint, alleging that plaintiff had lien on railroad for supplies furnished to grading contractor, and that the railway company, after collecting therefor from contractor's surety, retained the amount of plaintiff's lien, *held* sufficient against general demurrer.

Money Received, 41 **C. J.,** p. 70, **n. 98.**

From Klamath: A. L. LEAVITT, Judge.

In Banc.

This is an appeal from an order of the Circuit Court of Klamath County sustaining a demurrer to the complaint. The complaint in substance sets forth that the Nettleton-Bruce-Eschbach Company entered into a contract with the defendant Oregon, California and Eastern Railway Company to do the grading, and to complete a line of railway, roadbed, with road crossings, *et cetera,* the proper description of which is unnecessary here; that the plaintiff furnished to the Nettleton-Bruce-Eschbach Company goods, wares and merchandise in the aggregate sum of $3,493.35, upon which there was due at the time of the filing of this complaint the sum of $2,502.25, and that said provisions and supplies were furnished for the use of the laborers and employees and the hay for feed for the livestock, all of which was used by the contractors in the conduct of the work. It then sets forth that plaintiff duly filed his lien with the clerk of Klamath County. A copy of said notice of lien is set forth in the complaint and is in apparently the proper and usual form for such notices of lien.

It is also set up as part of the contract between the railway company and the Nettleton-Bruce-Eschbach Company that the Nettleton-Bruce-Eschbach Company furnished a bond in the sum of $25,000 to the railway company with the National Surety Company, as surety, conditioned for the faithful performance of the contract, and to save harmless the railway company from all claims, demands, liens or causes of action for labor performed or material or provisions supplied or furnished in carrying on said work covered by said contract.

It is further alleged in the complaint that before the expiration of the time allowed for the foreclosure of plaintiff's lien, the defendant railway company brought an action in the District Court of the United States for the District of Oregon against the surety company for an alleged breach of the bond by the contractors in which it is alleged that the Nettleton-Bruce-Eschbach Company failed to perform their contract according to its terms and conditions, failed to pay all laborers and mechanics for labor performed and materialmen for material, or provisions furnished or supplied at the instance of said company, but contracted bills in the sum of $28,265.49 for labor, material and supplies, no part of which has been paid; that the said Nettleton-Bruce-Eschbach Company did not indemnify and save harmless the plaintiff, the present defendant, from all claims, demands, liens or causes of action for labor performed or material or provisions supplied or furnished in carrying on said work, but suffered and permitted liens to be filed against the property of this defendant, plaintiff in the proceedings in the District Court of the United States for the District of Oregon, on account of said work in the sum of $25,654.94, and that all of said liens herein referred to were filed in the office of the county clerk of Klamath County, Oregon, before the first day of September, 1923.

It is further alleged that the lien of this plaintiff was one of the liens relied upon in the proceeding had in the District Court of the United States for the District of Oregon, is one of the liens going to make up the sum of $25,654.94, and is a part of the amount of liens in the aggregate upon which said defendant herein relied as a ground for basis of recovery of judgment on the said contract bond; that

thereafter upon the issues and trial of said cause in the District Court of the United States for the District of Oregon, the said defendant herein recovered on said bond and undertaking a judgment in damages against the National Surety Company in the full amount, namely, the sum of $25,000, and that following the recovery of said judgment the defendant, the National Surety Company in said proceeding, paid the full amount of said judgment recovered and costs to said defendant, which judgment was satisfied of record and discharged in full by said defendant railway company.

That in support of the issues tendered in said proceeding to recover damages on said penal bond, the plaintiff in the District Court of the United States for the District of Oregon, the defendant in this proceeding introduced in evidence a certified copy of this plaintiff's lien, which lien was received and admitted in evidence.

That this defendant upon receiving payment on said judgment has from thence until now, and does now, keep and retain said payment, and does now refuse to make unto this plaintiff the payment of the amount due and owing plaintiff under plaintiff's lien, and that upon receiving said payment and retaining the same said defendant has become and now is the trustee and holding in trust said payment for and to the use and benefit of the plaintiff the full amount of his lien claim, together with interest thereon at the rate of 6 per cent per annum.

Then follows an allegation that plaintiff is entitled to have a lien on the entire line of the road for the enforcement of his alleged equitable right in the proceeds of the judgment. To the complaint, which is too lengthy to be given in full, the defendant

interposed a demurrer which is sustained by the court and plaintiff appeals.

REVERSED AND REMANDED, WITH DIRECTIONS. COSTS TAXED.

For appellant there was a brief over the name of *Messrs. Oneill & Irwin.*

For respondent there was a brief over the name of *Mr. R. C. Groesbeck.*

McBRIDE, J.—Reduced to a skeleton the complaint alleges that the plaintiff furnished supplies to the amount mentioned in the complaint which were used by the contractors in the prosecution of the work on this road, and for which plaintiff had a lienable claim; that the contractors had given a bond with the National Surety Company as surety to save harmless the railway company from all liens; that the contractors allowed liens to accumulate to the amount of over $25,000, which included plaintiff's lien, and that the defendant brought an action against the surety company and recovered $25,000, which judgment included the amount of plaintiff's lien on the property, and that the railway company has recovered, among other things, the amount of plaintiff's lien and refuses to pay it to the plaintiff but retains it for its own purpose. In other words, defendant claimed in the District Court of the United States for the District of Oregon that it was indebted to plaintiff on account of the lien in the sum specified therein and it recovered judgment which included substantially that amount, but, instead of paying it to plaintiff, defendant retained it.

1. A good deal of technicality is expended in the briefs in discussing the question as to whether plaintiff ought to recover this sum, but the good old rule of honesty seems to us to point clearly to the conclusion that the defendant received this money under a claim that it owed it to plaintiff herein and recovered it from the surety company on that theory, and having adopted the theory that it owed plaintiff this money, and having recovered the amount on that theory, it ought not to be permitted to hold it to the injury of plaintiff, but should be required to pay it over to him, or at least pay *pro rata* with the lien claims of other creditors.

2. The demurrer concedes that plaintiff has a good lien; that he furnished the supplies and material which went to constitute the lien and that they were used in the construction of the railway and that, therefore, the defendant herein received the benefit of it and only holds the money recovered now by reason of the theory advanced in the District Court of the United States for the District of Oregon that it owed it to plaintiff. Under such circumstances it is really useless to grope around among authorities to find precedents for saying that, equitably, defendant should be held as trustee of said amount for the benefit of the plaintiff.

The proceedings in the District Court of the United States for the District of Oregon are not given to us in full and of course a trial of the cause may put an entirely different face upon the matter, but we are clearly of the opinion that the complaint states sufficient facts to render it invulnerable to an attack by a general demurrer.

The judgment of the Circuit Court is reversed and the cause remanded, with directions to proceed

with the making up of issues for the trial of the cause in accordance with this opinion.

Reversed and Remanded, With Directions.
Costs Taxed.